UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Marlon Jermaine Lemon, | Case No. 2:25-cv-01965-BHH-MGB |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Zachary Paul Pope, and Accusweep Services, LLC, | |
| Defendants. | |

Marlon Jermaine Lemon ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this case and submit recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this case be summarily dismissed without leave to amend.

## BACKGROUND

The instant action is based on an alleged "car wreck" that occurred in September 2019 in Dorchester County. (Dkt. No. 1 at 6–7.) According to Plaintiff, a streetsweeper—driven by Defendant Zachary Paul Pope ("Pope") and owned by Defendant Accusweep Services, LLC ("Accusweep")—"T-boned the car [he] was riding in." (*Id.* at 7.) As a result, Plaintiff suffered various head, back, and shoulder injuries and seeks $200,000 in damages from Defendants. (*Id.* at 8.) This is the extent of Plaintiff's Complaint.

## STANDARD OF REVIEW

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses, the court must dismiss any complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Accordingly, a claim based on a "meritless legal theory" or "baseless" factual contentions may be dismissed *sua sponte* at any time under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25, 327–28 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" under Rule 8(a)(2) of the Federal Rules of Civil Procedure. In order to satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson*, 551 U.S. at 94. Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

As stated above, Plaintiff claims that Defendants violated his constitutional rights by crashing a streetsweeper into his vehicle. (Dkt. No. 1 at 6.) Plaintiff's claims fall under the purview of 42 U.S.C. § 1983, which "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To that end, the conduct in question must "be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the

3

party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). Purely private conduct, "no matter how wrongful, injurious, fraudulent, or discriminatory," does not provide a basis for action under § 1983. *Id.*

In the instant case, Defendant Pope is a private individual and Accusweep is a private company, and there are simply no allegations in the Complaint that would support a reasonable inference of state action in connection with the alleged car wreck. *See Shelton v. Crookshank*, No. 3:17-cv-108, 2017 WL 9565841, at *6 (N.D.W. Va. Nov. 17, 2017), *adopted*, 2018 WL 527423 (N.D.W. Va. Jan. 24, 2018), *aff'd as modified*, 742 F. App'x 782 (4th Cir. 2018) (explaining that plaintiff had no right to pursue § 1983 claim "against a private entity or employees of a privately operated entity, because a private entity and its employees are not acting under color of . . . state law and their actions are not fairly attributable to the . . . state government"); *see also, e.g.*, *Cobbs v. D. J. Highhouse-T954*, No. 6:16-cv-812-TMC-KFM, 2016 WL 1567458, at *3 (D.S.C. Mar. 24, 2016), *adopted*, 2016 WL 1557828 (D.S.C. Apr. 18, 2016) (finding that plaintiff failed to state actionable § 1983 claim against private individual who allegedly hit his car because the wrongdoing constituted "purely private conduct"); *Kilmer v. McCulley*, No. 3:12-cv-55, 2012 WL 4464897, at *3 (N.D.W. Va. Aug. 29, 2012), *adopted*, 2012 WL 4464891 (N.D.W. Va. Sept. 27, 2012) (dismissing § 1983 claim because "private citizen who was involved in a car accident with the plaintiff . . . could not have been acting under color of state law"). Accordingly, Defendants are not amenable to suit under § 1983.

## CONCLUSION

For the reasons discussed above, the undersigned is of the opinion that Plaintiff cannot cure the deficiencies in the Complaint, and this action is therefore subject to summary dismissal.

*See Domino Sugar Corp. v. Sugar Workers Local Union 392 of United Food and Commercial Workers Int'l Union*, 10 F.3d 1064 (4th Cir. 1993). Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** without leave to amend. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022). In light of the undersigned's recommendation, the Clerk of Court shall not forward this matter to the U.S. Marshal for service of process at this time.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 6, 2025
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).